IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

NORTHERN INSURANCE COMPANY OF )
NEW YORK, subrogated to the )
rights of JAMES K. LUDWIG, JR. )
and CAROL C. LUDWIG, )
)
Plaintiffs, )
) CASE NO. CV403-99
v. )
)
CHATHAM COUNTY, GEORGIA, )
)
Defendant. )
)

## O R D E R

Before the Court is Defendant Chatham County's ("the County's") first Motion in Limine (Doc. 65), the County's Second Motion in Limine (Doc. 73), and Plaintiffs' Motion to Amend the Pretrial Order (Doc. 67). As explained below, the County's first Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**; the County's Second Motion in Limine is **DENIED AS MOOT**; and Plaintiff's Motion to Amend the Pretrial Order is **DENIED**.

1. Prior Incidents

The County seeks to exclude evidence of previous incidents involving the Causton Bluff Bridge ("the Bridge"). Plaintiffs state that this case involves the fifth incident where the drawbridge collapsed and struck a vessel. For example, the span of the Bridge allegedly drifted down and hit the mast of a vessel passing under the Bridge on December 19, 1996.

The Court holds any incidents occurring in 1996 or before are too remote in time and are therefore inadmissible. Because the Court lacks information about any more recent incidents, the Court reserves its ruling on any such incidents until trial.

2. Repairs

The County seeks to exclude evidence of repairs made to the Bridge (1) after the incident in question, or (2) more than one year prior to the incident.

Evidence of subsequent repairs is inadmissible to prove negligence or fault under Federal Rule of Evidence 407. Subsequent repairs may be admissible under Rule 407 to prove ownership or control. Because the County's ownership or control of the Bridge does not appear to be at issue in this case, the evidence of subsequent repairs is excluded.

The County contends that repairs made more than one year prior to the incident are remote, irrelevant, and unfairly prejudicial. The Court reserves its ruling on repairs made prior to the incident.

3. "Loss-of-Use" Damages and a Grounding Incident

The County also asks the Court to (1) preclude damages for "loss of use" of the vessel and (2) prevent Plaintiffs from introducing evidence of damages that the County contends were sustained in an unrelated grounding incident. The Court holds that these are both factual issues rather than evidentiary

2

issues. At trial, Plaintiffs may seek to prove damages through the use of relevant evidence. The County's evidentiary requests regarding damages are therefore denied.

4. Advertising Brochures

Plaintiffs have moved to amend the Pretrial Order to add evidence of a brochure advertising trips on the vessel in the Boston Harbor. Defendants have shown that the brochure at issue was not disclosed at any time during the discovery period and was only produced after the parties filed the joint Proposed Pretrial Order. Accordingly, these materials are inadmissible at trial.

5. Voir Dire

The County has objected to several of Plaintiffs' proposed voir dire questions. Because this will be a bench trial, this objection is moot.

SO ORDERED this 3rd day of March, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA